UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRECENCIO HERNANDEZ GALVEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-09449-DAD-SCR<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENT'S MOTION TO DISMISS</u><br><br>(Doc. Nos. 1, 2, 3, 7) |

On November 16, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2) and a motion to appoint counsel (Doc. No. 3). On November 18, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition to the court's stated intention to rule on the underlying

/////

petition based on the current briefing before it as well as to provide substantive reasons in support of respondent's position in this regard. (*Id.*)

On November 20, 2026, respondent filed a combined motion to dismiss, answer to the habeas petition, and opposition to petitioner's motion for temporary restraining order. (Doc. No. 7.) Therein, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that he should be required to exhaust his administrative remedies by appealing his adverse bond determination to the Board of Immigration Appeals ("BIA"). (*Id.* at 2–8.)

Based upon the parties' submissions, the court finds the following facts. Petitioner was detained by immigration authorities on September 30, 2026. (Doc. Nos. 1 at 5; 7 at 17–18.) Petitioner was detained before a warrant was obtained, although one was obtained later that day. (Doc. No. 7 at 18, 21.) On October 1, 2026, a Notice to Appear for Removal Proceedings ("NTA") was issued and petitioner was provided a Notice of Custody Determination. (*Id.* at 11–14, 23.) On October 21, 2026, petitioner appeared for a custody redetermination hearing before an immigration judge and was denied release. (*Id.* at 25.)

First, the court considers respondent's argument that petitioner should be required to exhaust his administrative remedies. In the pending petition, petitioner challenges his detention on due process grounds. (Doc. No. 1 at 6–7.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioner raises due process challenges to the procedures employed by immigration authorities.

Next the court considers respondent's argument that petitioner was properly detained pursuant to the procedures required by 8 U.S.C. § 1226(a). Respondent states that petitioner was arrested by "Border Patrol" without warrant because "Border Patrol" determined that petitioner was likely to escape. (Doc. No. 7 at 2.) Although not explicitly argued by respondent, it appears that respondent is alluding to the authority to arrest a noncitizen without a warrant if the officer "has reason to believe that the [noncitizen] so arrested is in the United States in violation of any

such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). "Section 1357(a)(2) requires that the arresting immigration officer have reason to believe that the noncitizen is both (1) unlawfully present in the United States, and (2) likely to escape before a warrant can be obtained." *Gavela-Gomez v. Mullin*, 26-cv-05532-LL-BJW, 2026 WL 3465080, at *4 (S.D. Cal. Nov. 13, 2026) (collecting cases). "Section 1357(a)(2)'s '"reason to believe" requirement is the equivalent of "the constitutional requirement of probable cause."'" *Castro Chivalan v. LaRose*, No. 3:26-cv-04258-LEK-SBC, 2026 WL 2546609, at *3 (S.D. Cal. Aug. 27, 2026) (quoting *M-J-M-A- v. Hermosillo*, 822 F. Supp. 3d 1147, 1172 (D. Or. 2026) and *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)); *see also Gavela-Gomez*, 2026 WL 3465080, at *3 (noting that the corresponding implementing regulation requires that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." (emphasis removed) (citing 8 C.F.R. § 287.8(c)(2)(ii))).

Assuming, without deciding, that there was probable cause to believe petitioner was unlawfully present in the United States, respondent has not provided any evidence or argument to this court supporting the assertion that petitioner was "likely to escape" when he was initially detained. Respondent provides an unauthenticated, unsworn Form I-213 in which a deportation officer states the following. Border Patrol Agents and another deportation officer observed people at a construction worksite. (Doc. No. 7 at 17.) Agents watched the location for an unstated amount of time, until a person got into a vehicle to leave, and agents pulled the vehicle over. (*Id.*) Petitioner was a passenger in the vehicle and apparently "admitted to being illegally present in the United States." (*Id.* at 18.) Petitioner was then arrested for being illegally present in the United States. (*Id.*)

Respondent requests that the court take judicial notice of its exhibits, including the I-213. (*Id.* at 2 n. 1.) The court will deny respondent's request to take judicial notice of the contents of the Form I-213 because the court may only take judicial notice of the existence of this document, not its contents, and respondent does not argue how the fact of its existence is relevant to the court's determination. *See Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1101 (S.D. Cal.

2024) (noting the court cannot take judicial notice of court dockets and filings for the truth of the matter asserted therein); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of the existence of naturalization applications but not their contents). In addition, in light of the multiple layers of hearsay present in the I-213, it does not appear that its contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" as argued by respondent. *See Catelyn H. v. G6 Hosp., LLC*, No. 2:24-cv-00939-JCM-DJA, 2025 WL 929032, at *6 (D. Nev. Mar. 26, 2025) (declining to take judicial notice of the contents of a book where the defendant challenged the book as inadmissible hearsay and irrelevant, and the court found that the contents of the book were not generally known and could not be readily assessed for accuracy without reasonable questioning), *appeal dismissed sub nom. Catelyn H. v. Boyd Gaming Corp.*, No. 25-2427, 2025 WL 1931952 (9th Cir. May 23, 2025), and *aff'd sub nom. Catelyn H. v. Boyd Gaming Corp.*, No. 25-4555, 2026 WL 3537258 (9th Cir. Nov. 17, 2026). Even if the court were to consider the contents of the Form I-213 submitted to it, respondent does not point to any assertions in that document which might support a finding that petitioner was "likely to escape." (*See* Doc. No. 7.)

Further, when considering whether there is evidence that a petitioner was likely to escape before a warrant could be obtained, courts have considered the petitioner's ties to the community and time in the United States. *See Diaz Escalante v. LaRose*, 3:26-cv-04259 LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (noting the record contained "ample evidence to support the inference that petitioner was not likely to escape" because the petitioner is the father of three children and was responsible for providing for his family); *Castro Chivalan v. LaRose*, No. 3:26-cv-04258-LEK-SBC, 2026 WL 2546609, at *4 (S.D. Cal. Aug. 27, 2026) (finding "ample evidence to support the inference that Petitioner was not likely to escape" because he had been with his partner for twelve years, they had two children together, and petitioner was responsible for providing for his family); *cf. Gavela-Gomez*, 2026 WL 3465080, at *4 (finding the record before the court suggested the petitioner was not likely to escape before a warrant could be obtained where the petitioner was encountered outside a criminal detention center, but nowhere in the summary of the petitioner's arrest did the agent state a belief that petitioner was

likely to escape). Here, petitioner states that he entered the United States approximately 22 years ago with his two children who were one and two years old, that he has no criminal record, that his family and friends have suffered financial hardship due to his continued detention, and that he was detained while at work. (Doc. No. 1 at 6.) These facts support an inference that petitioner was not likely to escape before a warrant could be obtained.

Finally, courts have found that respondent's belief that petitioner was unlawfully present in the United States does not alone result in an assumption that petitioner was likely to escape before respondent could obtain a warrant. *See Diaz Escalante v. LaRose*, 3:26-cv-04259 LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) ("Respondents' belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant."); *A.B.D. v. Wamsley*, 6:25-cv-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026) ("Nor can it be the case that, simply by being potentially removable, an alien must be deemed to be likely to evade detention by ICE. Such a reading would render the limitations on warrantless arrest created by . . . § 1357(a)(2) meaningless.").

Based on the foregoing, the court finds that petitioner was not properly detained pursuant to § 1226(a) because he was arrested without a warrant and removal proceedings were not pending at the time of his detention. The court incorporates its reasoning in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026) and finds that respondents' failure to detain petitioner in compliance with the procedures required by § 1226(a) provides grounds warranting his immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Crecencio Hernandez Galvez, A-File No. 221-442-203, from respondent's custody;

/////

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 2, 3) are DENIED as having been rendered moot by this order granting habeas relief;

4. Respondents' motion to dismiss (Doc. No. 7) is DENIED;

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE